# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

                                        Case No. 18-cr-0321 (WMW)

                    Plaintiff,

                                        **PRELIMINARY ORDER OF**
                                        **FORFEITURE**

        v.

Martes Niyum Brooks,

                    Defendant.

Before the Court is the unopposed motion of Plaintiff United States of America for a preliminary order of forfeiture. (Dkt. 14.) The Court finds that the property at issue is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), and the United States has established the requisite nexus between such property and the offense of which Defendant Martes Niyum Brooks has been found guilty.

Based on the foregoing and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1.      Plaintiff United States of America's motion for a preliminary order of forfeiture, (Dkt. 14), is **GRANTED**.

2.      Defendant Martes Niyum Brooks shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), a Charter Arms .38 caliber pistol bearing serial number 1225521.

3.     The United States Attorney General or an authorized designee may seize such property and maintain custody and control of it pending the entry of a final order of forfeiture.

4.     Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall publish and give notice of this Order and the intent of the United States to dispose of the property in such manner as the Attorney General may direct.

5.     This Order shall become final as to Defendant at the time of sentencing and shall be made a part of the sentence and included in the judgment.  Fed. R. Crim. P. 32.2(b)(4)(A), (B).

6.     Following the Court's disposition of all petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period established to file such petitions, the United States shall have clear title to the property at issue and may warrant good title to any subsequent purchaser or transferee.

7.     This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.  Fed. R. Crim. P. 32.2(e).

Dated:  April 23, 2019                                        s/Wilhelmina M. Wright
                                                             Wilhelmina M. Wright
                                                             United States District Judge